IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Wendelyn K. Harvey | : | |
| | : | Case No. C-1-05-047 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING |
| Great Seneca Financial Corp., *et al.* | : | DEFENDANTS' MOTION TO |
| | : | DISMISS PLAINTIFF'S |
| Defendants | : | FEDERAL CLAIMS, |
| | : | DISMISSING PLAINTIFF'S |
| | | STATE COURT CLAIMS |
| | | WITHOUT PREJUDICE, AND |
| | | DISMISSING AS MOOT |
| | | DEFENDANTS' MOTION TO |
| | | SHOW CAUSE AND MOTION |
| | | TO STAY |

This matter comes before the Court on Defendants' Motion to Dismiss for Failure To State a Claim (doc. # 3)[1], Motion to Show Cause (doc. # 12), and Motion to Stay Disclosures and Discovery (doc. # 15).[2] Defendants in this case are Great Seneca Financial Corp. ("Great

---

[1] Defendants also filed a Notice of Supplemental Authority (doc. # 5) in support of their Motion to Dismiss. The Court has reviewed the opinion attached to Defendants' Notice, Todd v. Weltman, Weinberg & Reis Co., No. 04-4109 (6th Cir. Feb. 09, 2005), and considered it in coming to this decision. The Court notes that in Todd, the Sixth Circuit held only that the appellant's appeal fell within the collateral order exception because it was an appeal of a denial of absolute immunity. The Sixth Circuit noted specifically that it expressed no opinion as to the merits of the appeal.

[2] Plaintiff also filed a Notice of Intent to Rely on Additional Authority (doc. # 17). The Court has reviewed the opinion attached to Plaintiff's Notice, Kelly v. Great Seneca Financial Corp., No. 04-615 (S.D. Ohio June 16, 2005), and considered it in coming to this decision.

1

Seneca") and law firm Javitch, Block and Rathbone ("JB&R") (collectively, "Defendants"). For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss as to Harvey's federal claims under 15 U.S.C. §§ 1692e(10) and 1692d, **DISMISSES WITHOUT PREJUDICE** Plaintiff's state claims, and **DISMISSES AS MOOT** Defendants' Motion to Show Cause (doc. # 12) and Motion to Stay Disclosures and Discovery (doc. # 15).

I. BACKGROUND

Plaintiff Harvey alleges that on January 27, 2004, JB&R filed a complaint in the Lawrence County Municipal Court ("Lawrence case") on behalf of JB&R's client, Great Seneca, asserting that Harvey owed Great Seneca $6,845.78 on one account and $5,919.94 on a second account, for a total of $12,765.72, plus future interest and costs. (Doc. #1, ¶ 5.) In response, Harvey filed an answer and sought discovery from Great Seneca concerning the alleged debt. (Id. ¶ 6.) When Great Seneca refused to respond, Harvey filed a motion to compel. Great Seneca then voluntarily dismissed the complaint. (Id.)

Harvey filed this complaint on January 25, 2005, alleging that Defendants violated several provisions of both the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01, et seq. In sum, Harvey alleges that Defendants violated the FDCPA and the OCSPA by "filing a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that Defendant [Great Seneca] . . . owned the debt." (See doc. # 1, ¶ 7.) Defendants now move to dismiss all of Harvey's claims.

II. JURISDICTION AND LEGAL STANDARD

The FDCPA specifically provides for federal jurisdiction over claims made pursuant to

the Act. See 15 U.S.C. § 1692k(d). The Court has federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over Harvey's state law claims under 28 U.S.C. § 1367. In considering Harvey's state law claims pursuant to its supplemental jurisdiction, this Court must follow Ohio law. See Super Sulky, Inc. v. U.S. Trotting Ass'n, 174 F.3d 733, 741 (6th Cir. 1999).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing the sufficiency of a complaint, courts must follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This accords with the purpose of Rule 12(b)(6), which the Sixth Circuit has explained "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

Generally, a court may not consider matters outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. The Sixth Circuit has held, however, that "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim.'" See Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997) (citations omitted). Defendants attached the record of the Lawrence case to their Motion to Dismiss (see doc. # 3, Ex. A). This record includes: the docket sheet; the Lawrence Complaint, which itself attached account forms from Great Seneca for both of the alleged debts; Harvey's Answer to the Lawrence Complaint; Defendant's First Request for Production of Documents; Defendants' Motion to Compel; Plaintiff's Leave for Extension of

Time to Respond to Request for Production of Documents, Admissions and Interrogatories; and Plaintiff's Motion to Dismiss Case Without Prejudice, among other documents. These documents are all admissible as public records. See New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) (courts may consider materials beyond the complaint "if such materials are public records or are otherwise appropriate for the taking of judicial notice"). Moreover, these documents are central to Harvey's claim, so the Court will consider all of them in ruling on Defendants' Motion to Dismiss.

Finally, "[o]n a Fed.R.Civ.P. 12(b)(6) motion, all of the allegations contained in the plaintiff's complaint are accepted as true, and the complaint is construed liberally in favor of the party opposing the motion." Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). At the same time, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

## IV. ANALYSIS

### A. FDCPA Claims

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e; accord Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003).

#### 1. Defendants as Debt Collectors

For Defendants to be liable under the FDCPA, they must fall within the FDCPA's

definition of a "debt collector." Neither of the Defendants has challenged its status as a debt collector, but the Court will nevertheless consider this as a preliminary matter. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." See 15 U.S.C. § 1692a(6).

Harvey has alleged that JB&R is a law firm "engaged in the practice of collecting debts on behalf of the [sic] debt collectors such as Defendant GS by filing civil collection suits" and therefore is a "debt collector" under Section 1692a(6). (See doc. #1, ¶ 4.) The Supreme Court has held that law firms who regularly engage in consumer debt-collection litigation qualify as "debt collectors" under the FDCPA, and thus may be held liable under its provisions. See Heintz v. Jenkins, 514 U.S. 291 (1995). When construed in the light most favorable to Harvey, the Court finds that Harvey's allegation that JB&R is a debt collector is sufficient to survive a motion to dismiss.

Similarly, Harvey has alleged that Great Seneca "specializes in the purchase of and the collection of distressed consumer debt consisting of old defaulted and delinquent obligations or accounts which it purchases in bulk and at a discount from prior creditors" and that it is therefore a debt collector under Section 1692a(6). (See doc. #1, ¶ 3.) Harvey has alleged facts suggesting that Great Seneca is in the business of regularly collecting debts. Consequently, when taken in the light most favorable to Harvey, the Court finds that Harvey's allegation that Great Seneca is a debt collector is sufficient to survive a motion to dismiss.

### 2. Alleged Conduct

#### a. Liability for Litigation Conduct Generally

In Heintz, the Supreme Court considered the defendant-attorney's argument that the Court should read the FDCPA as "containing an implied exemption for those debt-collecting activities of lawyers that consist of litigating." 514 U.S. at 295. The Court noted that an earlier version of the FDCPA included an express exemption for lawyers, but that exemption was repealed. Id. at 294-95. The Court took this as evidence of Congress' intent to subject lawyers to the FDCPA whenever they met the definition of "debt collector." Thus, the Court held that the FDCPA "applies to attorneys who regularly engage in consumer-debt-collection activity, even when that activity consists of litigation." See id. at 294, 299. Consequently, both JB&R and Great Seneca can be held liable for all litigation conduct, including the filing of the Lawrence complaint, if that conduct violates the FDCPA.[3]

#### b. Specific Statutory Claims

Harvey argues that Defendants' conduct in filing the Lawrence complaint, allegedly without means of proving the debt, violated both sections 1692d and 1692e(10). This Court recently considered a similar case involving the FDCPA in which JB&R was also a defendant, Delawder v. Platinum Financial, No. 1:04-cv-680 (S.D. Ohio Mar. 1, 2005). In Delawder, the plaintiff alleged that JB&R and Platinum Financial, another debt collector, had violated several provisions of the FDCPA and the OCSPA by filing a lawsuit to collect a debt, and attaching a

---

[3] The Court declines to address Defendants' argument regarding the scope of Heintz, which Defendants acknowledge would require the reversal of existing law. (See doc. # 7, p.1, n.1.)

6

false affidavit to that complaint regarding the nature and amount of the debt, all while knowing they did not have the means of proving the debt. See Delawder, slip. op. at 2. There, as here, the plaintiff made claims under both sections 1692d and 1692e(10).

Section 1692e(10) prohibits a debt collector from using a false or deceptive means to collect or attempt to collect a debt. In Delawder, this Court upheld the plaintiff's claim, noting that other courts have recognized claims under section 1692e(10) against debt collectors who have filed a complaint including a false affidavit. Id. at 9; see also Gearing v. Check Brokerage Corp., 233 F.3d 469, 472 (7th Cir. 2000) (finding violation of Section 1692e(10) where debt collector filed complaint to collect debt with attached affidavit falsely claiming collector was subrogee of original creditor); c.f. Broadnax v. Greene Credit Service, No. 95-3829, 1997 WL 14777 (6th Cir. Jan. 15, 1977) (stating in dicta that filing a criminal complaint containing a false allegation against an individual in an attempt to pressure him into paying debt could fall within the purview of the FDCPA).

Harvey argues in her Memorandum in Opposition to Motion to Dismiss (doc. # 6) that there is "no reason why the Court's decision in this case should be any different from its decision in Delawder." Harvey has also noted her reliance on the decision of this Court's sister court in Kelly, No. 04-615, slip op. at 1-15. (See doc. # 17; see also supra, n. 2.) There is, however, a crucial difference between the allegations in both Delawder and Kelly, and those in this case. Unlike the plaintiffs in Delawder and Kelly, Harvey does not allege that Defendants attached a false document to the Lawrence complaint, nor even that Defendants' claims regarding the debt were false. Rather, Harvey alleges simply that Defendants filed a lawsuit to collect a debt without the means of proving the debt. This case is thus distinguishable from Delawder, Kelly,

7

and <u>Gearing</u> in that the plaintiff here made no allegation that Defendant engaged in any false or deceptive behavior, as is required under section 1692e(10). Harvey has not cited any other authority that supports her argument. The Court thus holds that Harvey has failed to state a claim under Section 1692e(10) and therefore **GRANTS** Defendants' motion to dismiss as to that claim.

Section 1692d renders a debt collector liable for engaging in conduct that has the natural consequence of harassing, oppressing, or abusing a debtor in connection with the collection of a debt. Section 1692d lists several nonexclusive examples of such conduct, including, <u>inter alia</u>, threats of violence, use of obscene or profane language, causing a telephone to repeatedly ring with intent to annoy, abuse, or harass a person, and so forth. <u>See</u> 29 U.S.C. § 1692d.

Harvey argues that, despite this Court's decision in <u>Delawder</u>, this Court should not dismiss her claim under 1692.[4] In <u>Delawder</u>, this Court dismissed the plaintiff's claim under section 1692d, holding that filing a lawsuit is not the kind of conduct that was intended to be covered by section 1692d. <u>See</u> <u>Delawder</u>, slip op. at 9-10. In her opposition to Defendants' motion, Harvey frames her claim under section 1692d as "the specific proposition that suing a debtor with the intent to dismiss if the debtor contests the lawsuit constitutes harassment within the meaning of 1692d." (<u>See</u> doc. # 6 at 1.) As a preliminary matter, the Court notes that Harvey's complaint did not make that allegation. Rather, Harvey's complaint alleges only that Defendants violated section 1692d by filing a lawsuit to collect a purported debt without the means of proving the debt. (<u>See</u> doc. # 1, ¶¶ 5,6, and 8.)

---

[4]Harvey noted that she presented this argument to preserve the issue for appeal.

Moreover, Harvey has acknowledged that she cannot present the Court with any authority in support of her argument. (See doc. #6, p.1.) Harvey instead directs the Court to consider Broadnax, see supra, for the proposition that the Court should let a jury decide whether initiation of a complaint constitutes harassment under the FDCPA. (See id. at p.2.) The Court finds that Broadnax does not support Harvey's position. In Broadnax, an unpublished decision, the Sixth Circuit considered the appeal of an alleged debtor whose claims under the FDCPA were dismissed by the magistrate judge because he found them to involve commercial debt rather than consumer debt. Broadnax, 1997 WL 14777 at **1. The appellant brought a claim under an unspecified section of the FDCPA that a debt collector had violated the FDCPA by, among other things, filing a criminal complaint against the appellant based on the false allegation that he had passed a bad check, all in an attempt to coerce him into paying an alleged debt. Id. at **4.

The Sixth Circuit stated in dicta that such conduct "could be found by a trier of fact to have been dishonest, abusive, unjustifiably harassing, and/or potentially defamatory." Id. Notably, however, the Sixth Circuit did not specify which section of the FDCPA this sort of conduct might violate.[5] As such, this Court finds that the dicta in Broadnax does not support the argument that a debtor states a claim under section 1692d by alleging merely that a debt collector filed a civil complaint against the debtor in an attempt to collect the debt, even if the debt collector did not have the necessary documentation to prove the debt at the time of filing the

---

[5]Also, in Broadnax, the debt collector filed a criminal complaint against the alleged debtor – not, as here, a civil complaint to recover the debt itself, the proper means of collecting an unpaid debt. See Broadnax, 1997 WL 14777, at **4. Finally, in Broadnax, the Sixth Circuit emphasized an element of the appellant's FDCPA claim which is missing here: that the debt collector made a false allegation. Id.

9

complaint.[6] Further, the Court notes that the question of whether Harvey states a claim under section 1692d is a question of law, not of fact.

This Court finds no basis to distinguish Harvey's claim under section 1692d from Delawder's. The Court thus maintains its holding that filing a lawsuit to attempt to collect a debt is not the kind of conduct that was intended to be covered by section 1692d. See Delawder, slip op. at 9-10; see also Kelly, slip op. at 11-12 (filing of a lawsuit is not the kind of conduct intended to be covered by section 1692d); Hartman v. Asset Acceptance Corp., No. 1:03-cv-113, slip op. at 16-17 (S.D. Ohio Sept. 29, 2004) (same). The Court therefore holds that Harvey has failed to state a claim under section 1692d and therefore **GRANTS** Defendants' motion as to that claim.

Having found that Harvey fails to state a claim under the FDCPA, the Court declines to consider Defendants' other arguments for dismissal of Harvey's federal claims.[7] Having dismissed all of Harvey's federal claims, the Court may and does decline to exercise pendant jurisdiction over Harvey's remaining state law claims. See Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996); see also Brandenburg v. Housing Authority of Irvine, 253 F.3d 891, 900 (6th Cir. 2001). The Court also need not address and **DISMISSES AS MOOT** Defendants' Motion to Show Cause (doc. # 12) and Motion to Stay Disclosures and

---

[6]Harvey also cites to Tropf v. Fidelity Nat'l Title Ins. Co., 289 F.3d 929 (6th Cir. 2002), and City of Cleveland v. Cleveland Elec. Illuminating Co., 734 F.2d 1157 (6th Cir. 1984), for the proposition that initiation of litigation can constitute harassment. Both Tropf and Cleveland Electric Illuminating are inapplicable to this case: neither considered any claim under the FDCPA, let alone a claim that filing a lawsuit constituted harassment under section 1692d.

[7]Defendants also argue that Harvey's claim should be dismissed for several non-statutory reasons, including several immunity defenses. Defendants acknowledge that accepting any of those reasons would require reversal of existing law. (See doc. # 7, p.1 n.1.)

Discovery (doc. # 15).

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss as to Harvey's federal claims under 15 U.S.C. §§ 1692e(10) and 1692d, **DISMISSES WITHOUT PREJUDICE** Harvey's state law claims, and **DISMISSES AS MOOT** Defendants' Motion to Show Cause (doc. # 12) and Motion to Stay Disclosures and Discovery (doc. # 15).

IT IS SO ORDERED.

                                                                         ___s/Susan J. Dlott_____
                                                                          Susan J. Dlott
                                                                          United States District Judge